DECISION
{¶ 1} Appellant, Thomas L. Wood, appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of the State Personnel Board of Review ("SPBR") finding that it did not have jurisdiction over appellant's appeal of his discharge from employment with the Summit County Fiscal Office ("appellee"). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} Appellant began his employment with appellee in 1982. He was a classified employee and held the position of computer systems/software analyst until his termination on December 5, 2005. He appealed to the Summit County Human Resource *Page 2 
Commission, which, by order dated June 12, 2006, unanimously affirmed appellant's termination.
 {¶ 3} Subsequently, appellant appealed to the SPBR, and the matter was referred to an administrative law judge. The administrative law judge submitted a report recommending that the SPBR dismiss appellant's four appeals and one request for an investigation based on a lack of jurisdiction. On January 10, 2007, the SPBR issued an order adopting the recommendation of the administrative law judge and dismissing appellant's appeals and request for investigation based on a lack of jurisdiction. Appellant appealed from this order to the Franklin County Court of Common Pleas. Appellant sought a reversal of the SPBR's decision and an order requiring the board to hear the matter. The trial court affirmed the decision of the SPBR.
 {¶ 4} Appellant appeals from the trial court's decision and sets forth the following four assignments of error for our review:
 I. In the year of 2006 Summit County Council expressly declined to enact a system of competitive examination.
 II. Thomas Wood submits this notice that his natural rights have been violated for a proper and due process hearing all in accordance with the provisions set forth in the United States Constitution.
 III. Thomas Wood was told to remove himself from the immediate premises of his office by the directive of the chief of staff without being able to secure his personal possessions.
 IV. Plaintiff has not paid Thomas Wood his vacation monies yet to date as required by law and contract per the agreement set forth in the hiring regulations.
 {¶ 5} Although it is not entirely clear how all four of appellant's assignments of error relate to the judgment of the trial court, it is clear that, in this appeal, appellant is *Page 3 
challenging the trial court's determination that SPBR correctly held that it did not have jurisdiction over his appeal of his discharge from employment with appellee. It is appellant's position that the SPBR has jurisdiction to review appeals of personnel decisions of Summit County concerning classified county employees.
 {¶ 6} Pursuant to R.C. 124.03(A)(1), SPBR may hear appeals from employees in the classified state service who are discharged. R.C. 124.01(B) defines "state service" to include "all offices and positions in the service of the state and the counties and general health districts of the state," but it does not include "offices and positions in the service of the cities, city health districts, and city school districts of the state." See, also, R.C. 124.01(C) (defining "classified service" as "the competitive classified civil service of the state, the several counties, cities, city health districts, general health districts, and city school districts of the state, and civil service townships"); R.C. 124.01(A) (defining "civil service" to include "all offices and positions of trust or employment in the service of the state and in the service of the counties, cities, city health districts, general health districts, and city school districts of the state").
 {¶ 7} Appellee asserts that its personnel decisions concerning appellant were not appealable to the SPBR, as the matter was subject to the jurisdiction of the Summit County Human Resource Commission. Conversely, appellant contends that "a County is not exempt from SPBR jurisdiction where the County has not established competitive examinations for classified civil service positions." (Appellant's merit brief, at 7.) In support of this contention, appellant cites R.C. 301.23, which provides, in part, as follows:
 The electors of any county may establish, by charter provision, a county civil service commission, personnel office, or personnel department. In any county which, by its charter, *Page 4 
creates such a commission, office, or department, and provides a system for appointment to the county service on the basis of merit and fitness, as ascertained by competitive examination, Chapter 124. of the Revised Code is not operative[.] * * *
 {¶ 8} Appellant reasons that because Summit County has not established a system of "competitive examination," it does not have a civil service commission. Appellant further reasons that because Summit County does not have a civil service commission, he is entitled to appeal personnel decisions to the SPBR. We disagree with appellant's analysis and find appellant's reliance on R.C. 301.23 to be unavailing.
 {¶ 9} Section 3, Article X of the Ohio Constitution permits the people of a county to adopt a charter form of government. On November 6, 1979, the people of Summit County adopted a charter form of government. In November 1995, the charter was amended to establish a "Human Resource Commission," which is "responsible for administering, for and in cooperation with the officers, agencies, boards and commissions of the County, an efficient and economical system for the employment of persons in the public service of the County according to merit and fitness." Section 6.01, Article VI of the Summit County Charter. In addition, the Summit County Charter provides that the Human Resource Commission is responsible "for the resolution or disposition of all personnel matters, with authority to appoint hearing officers to hear all employee appeals previously under the jurisdiction of the State Personnel Board of Review[.]" Section 6.05(1), Article VI of the Summit County Charter.
 {¶ 10} In view of Section 6.05(1), Article VI of the Summit County Charter, the Human Resource Commission has jurisdiction to hear Summit County employee appeals, rather than SPBR. See Brankatelli v. SummitCty. Human Resource Comm., Summit *Page 5 
App. No. 20536, 2001-Ohio-7012, at fn. 1.[1] Therefore, we conclude that the trial court correctly resolved that the SPBR correctly determined that it did not have jurisdiction over appellant's appeal from his discharge from employment with appellee.
 {¶ 11} Because we resolve that the trial court did not err in affirming the order of the SPBR, we overrule all four of appellant's assignments of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER and T. BRYANT, JJ.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Pursuant to Article Eight of the Summit County Human Resource Commission Rules, as well as R.C. Chapter 2506, appellant could have appealed from the decision of the Human Resource Commission to the Summit County Court of Common Pleas. Apparently, appellant chose not to file that appeal. *Page 1